DAVIS+GILBERT LLP
1675 Broadway
New York, NY 10019
T: (212) 468-4800

*Attorneys for Gaia, Inc. and
the Gaia Judgment Creditors*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:

JAMES COREY GOODE            Case No. 25-16569-JGR

STACY HARTMAN GOODE,            Chapter 13

         Debtors.

---

**JOINDER TO CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE**

---

Creditors Jirka Rysavy, Brad Warkins, Kiersten Medvedich (collectively, the "**Gaia Judgment Creditors**") and Gaia, Inc. ("**Gaia**," and together with the Gaia Judgment Creditors, collectively, the "**Gaia Creditors**"), through their undersigned counsel, hereby submit this *Joinder to Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Chapter 13 Bankruptcy Case*.

### BACKGROUND

1. On October 9, 2025 (the "**Petition Date**"), the above-captioned debtors (the "**Debtors**") filed a joint chapter 13 bankruptcy petition (the "**Petition**"). [ECF No. 1]. On the same date, the Debtors proposed a chapter 13 plan (the "**Chapter 13 Plan**"). [ECF No. 2].

2. Debtor James Corey Goode is a self-proclaimed "Secret Space Program whistleblower," *see* http://coreygoode.com, who, according to Mr. Goode, "has experienced

increased physical contact with ET & inner earth civilizations that prepared him to be a messenger of the importance of spiritual focus and inner work during Earth's transition into higher density consciousness, which has already begun." *Id*. Mr. Goode does not earn a salary or other wages on a regular basis, and does not otherwise have any sources of regular income. *See* Schedule I (2.12) [ECF No. 1]; Chapter 13 Statement of Current Monthly Income (1.11) [ECF No. 4].

3. Prior to the bankruptcy filing, Gaia was named as a defendant in an action filed on March 17, 2020 in the U.S. District Court for the District of Colorado, in which Mr. Goode and an entity he controls, Goode Enterprise Solutions, Inc. (together with Mr. Goode, the "**Plaintiffs**"), asserted a variety of claims against various parties, seeking damages and injunctive relief. *See Goode v. Rysavy*, Civ. Action No. 20-cv-00742-DDD-KAS (D. Colo. Mar. 17, 2020) (the "**Gaia Litigation**"). The complaint was amended twice, including to add the Gaia Judgment Creditors as defendants. On March 31, 2024, the court issued an order dismissing Plaintiffs' claims with prejudice entirely as to the Gaia Judgment Creditors and as to Gaia, except for a breach of contract claim against Gaia, which was allowed to proceed on two theories. Based on the dismissal, the Gaia Judgment Creditors were awarded a judgment for attorneys' fees in the amount of $59,806.00, pursuant to Colorado Revised Statutes §§ 13-17-201 and 13-17-102(3) (the "**Judgment**"). *See* Partial Final Judgment, Gaia Litigation (Dec. 6, 2024) [ECF No. 449], *rep. and rec. adopted* (Aug. 14, 2025) [ECF No. 491]. Gaia has also filed counterclaims against Mr. Goode and the other Plaintiff for breach of contract, defamation, trademark infringement, unfair competition, tortious interference, and unjust enrichment (collectively, the "**Pending Claims**"). In large part, the counterclaims arise out of a concerted scheme by Mr. Goode to defame Gaia and certain of the Gaia Judgment Creditors through a series of online campaigns and social media posts designed to "take down" Gaia after it stopped featuring Mr. Goode in one of its online series.

4. The Gaia Creditors are creditors of the Debtors and their chapter 13 bankruptcy estates. Specifically, as discussed, the Gaia Judgment Creditors hold the Judgment against the Debtors. *See* Debtors' Schedule E/F (4.1) [ECF No. 1] at 26. In addition, Gaia, Inc. has contingent claims against Mr. Goode arising from the Pending Claims in the Gaia Litigation.

5. The Gaia Creditors intend to submit proofs of claim on or prior to the December 18, 2025 bar date established by the Court. *See* Notice of Chapter 13 Bankruptcy Case [ECF No. 7] at 2.

6. On November 6, 2025, the Standing Trustee filed the *Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan* (the "**Trustee Objection**"). [ECF No. 17].

## ARGUMENT

**A.** **Joinder and Objection to Chapter 13 Plan**

7. Gaia hereby joins the Trustee Objection and incorporates by reference the entire pleading as if fully restated herein.

8. Gaia further objects to confirmation of the Debtors' proposed Chapter 13 Plan for the below additional reasons.

9. First, the Chapter 13 Plan fails to meet the requirements of section 1325(a)(4) of the Bankruptcy Code, commonly known as the "best interest of creditors test." In particular, the Chapter 13 Plan does not disclose the value of certain of the Debtors' assets (nor do the Debtors' schedules), making it impossible to determine whether creditors would fare better in a chapter 7 liquidation. These undisclosed assets include, upon information and belief:

   a. Debtors' interest in the documentary, "Beyond Disclosure, The Corey Goode Files" (the "**Documentary**").

   b. Debtors' interest in the "20 & Back: Project Moonshadow – A Sci-Fi Webnovel

3

Series by Disclosure Comics — Kickstarter" campaign (the "**Kickstarter Campaign**"). *See* https://x.com/CoreyGoode/status/1978971392897904999; https://www.kickstarter.com/projects/projectmoonshadow/20-and-back-project-moonshadow-a-sci-fi-webnovel-series.[1]

10. <u>Second</u>, as set forth in the Trustee Objection, the Debtors have failed to establish the feasibility of the payments contemplated by the Chapter 13 Plan, as required by section 1325(a)(6) of the Bankruptcy Code. The Chapter 13 Plan indicates that the Debtors will make sixty monthly payments of $300.00, totaling $18,000.00 repaid to creditors. The Chapter 13 Plan, however, does not explain how such plan payments would be funded. *See* Chapter 13 Plan (4.1) at 3. The plan payments could not be funded from the Debtors' discretionary income, as Debtors report negative net monthly income of -$2,253.00. *See* Schedule J (2.23) [ECF No. 1]. Nor could such payments be funded from the operation of the Debtors' business, as the Debtors' Statement of Financial Affairs ("**SOFA**") indicates total income from operating a business of $2.00 in 2024 and 2025 combined. *See* SOFA (2.4) [ECF No. 1].

11. <u>Third</u>, the Chapter 13 Plan, as well as the Petition, were not filed in good faith in accordance with sections 1325(a)(3) and (a)(7) of the Bankruptcy Code. In the Tenth Circuit, when assessing good faith in proposing a plan, "[a] bankruptcy court must consider 'factors such as whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code.'" *In re Melendez*, 597 B.R. 647, 659 (Bankr. D. Colo. 2019)

---

[1] The Gaia Creditors further note that it is not apparent from the schedules and statements filed with the Petition how the Debtors' reported monthly expenses are being paid. *See* Schedule J (2.22) [ECF No. 1] (reporting monthly expenses of $2,253.00); Schedule I (2.12) [ECF No. 1] (reporting $0.00 of combined monthly income).

4

(quoting *Anderson v. Cranmer (In re Cranmer)*, 697 F.3d 1314, 1319 n.5 (10th Cir. 2012)).[2]

12. Here, the Debtors have made numerous omissions in the Chapter 13 Plan, demonstrating their lack of good faith:

    a. The Chapter 13 Plan fails to account for the Pending Claims, including how such claims will be resolved during the bankruptcy case.

    b. The Chapter 13 Plan omits the Debtors' interest in the Documentary and Kickstarter Campaign proceeds from the non-exempt assets listed in the "Reconciliation with Chapter 7." *See* Chapter 13 Plan (3.2) at 2.

13. Accordingly, confirmation of the Chapter 13 Plan should be denied.

**B.** **The Debtors' Chapter 13 Bankruptcy Case Should be Dismissed**

14. The Debtors' chapter 13 case should be dismissed for cause pursuant to section 1307 of the Bankruptcy Code.

15. First, based on the Debtors' own schedules, the Debtors are not eligible for chapter 13 relief because they lack regular income. *See* 11 U.S.C. §§ 109(e) ("Only an individual with regular income . . . may be a debtor under chapter 13 of this title."), 101(30) (defining "individual with regular income" as an individual "whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title"). The Debtors have indicated that they do not have any regular income. *See* Chapter 13 Statement of Your Current Monthly Income [ECF No. 4] at 2 (average monthly income identified as $0.00); Schedule I (2.12) [ECF No. 1] at 32 (identifying "$0.00" as "Combined monthly income").

16. Second, as set forth in the Trustee Objection, the Debtors have failed to commence making plan payments pursuant to the proposed Chapter 13 Plan. *See* 11 U.S.C. § 1307(c)(4).

---

[2] The Debtors' good faith in filing the Petition, a requirement for confirmation pursuant to section 1325(a)(7), is discussed in Paragraphs 17-22, *supra*.

17. <u>Third</u>, the Debtors lacked good faith in filing their bankruptcy Petition. "Although unenumerated in the statute, a debtor's lack of good faith in filing its bankruptcy petition may serve as 'cause' for dismissal under Section 1307(c)." *In re Plese*, 661 B.R. 143, 156-57 (Bankr. D. Colo. 2024) (citing *Gier v. Farmers State Bank of Lucas, Kansas (In re Gier)*, 986 F.2d 1326, 1329-30 (10th Cir. 1993)).

18. In assessing a debtor's good faith in filing a chapter 13 bankruptcy petition, courts in the Tenth Circuit assess the "totality of the circumstances," including the following factors:

> (1) the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) how the debtor's actions affected creditors; (6) the debtor's treatment of creditors both before and after the petition was filed; and (7) whether the debtor has been forthcoming with the bankruptcy court and the creditors.

*In re Plese*, 661 B.R. at 159. "Not all factors are applicable in every case. And, notwithstanding the factors, the overall governing framework remains the totality of the circumstances." *Id.* (internal quotation marks omitted). Here, the factors and circumstances clearly weigh in favor of dismissal.

19. With respect to factor one, much of the contingent liability that Debtors may owe in connection with the Pending Claims would likely be exempt from discharge in a chapter 7 proceeding, as much of the alleged liability arises from Gaia, Inc.'s defamation claim against Mr. Goode. Debts based on "willful and malicious injury" may be exempt from discharge, 11 U.S.C. § 523(a)(6), and courts have found that defamation claims can satisfy that standard. *See, e.g.*, *Bizub v. Paterson (In re Paterson)*, No. 10-35734 ABC, 2012 Bankr. LEXIS 2046, at *16 (Bankr. D. Colo. May 9, 2012) ("Debtor's 'motivation to ruin' Creditor [established in state court action for defamation and other torts] classically fits within the Supreme Court's definition that a debt is

6

nondischargeable under § 523(a)(6) if it results from a 'deliberate or intentional injury.'") (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)).

20. With respect to factor two, the Petition was filed just two months after the District Court adopted the Judgment, supporting a finding that the Petition was filed in bad faith. *See* Order Adopting Recommendation of U.S. Magistrate Judge, Gaia Litigation (Aug. 14, 2025) [ECF No. 491].

21. Factors four through six also support dismissal, as this bankruptcy case was filed as part of the Debtors' efforts to delay Gaia's prosecution of the Pending Claims (which were omitted from the bankruptcy schedules and the Chapter 13 Plan), and to escape liability on the Judgment, all while benefiting from the protections of the automatic stay (and seeking the same protection for the Debtors' non-debtor business, Goode Enterprise Solutions, Inc.). *See* Debtors' Motion to Extend Stay [ECF No. 15].

22. Finally, as to factor seven, the Debtors have not been forthcoming with the bankruptcy court and creditors, for the reasons set forth in Paragraph 12, *supra* (noting that the Chapter 13 Plan does not account for resolution of the Pending Claims or include all of Debtors' assets). In addition, they have made numerous misstatements and omissions in their schedules and statements filed with the Petition, including the below:

> a. The Debtors' SOFA indicates that the Gaia Litigation is "Concluded," *see* SOFA (4.9) [ECF No. 1] at 10, instead of accurately reflecting that it remained "Pending" as of the Petition Date (and remains pending as of the date hereof). *See* Gaia Litigation (Oct. 14, 2025) [ECF No. 521] ("Pursuant to 11 U.S.C. § 362, Counter Claimant Gaia, Inc.'s counterclaims against Counter Defendant James Corey Goode are hereby STAYED.").

    b. The Debtors' Schedule E/F fails to report the contingent liability owing to Gaia, Inc. arising from the Pending Claims. *See* Schedule E/F [ECF No. 1] at 26-28.

    c. The Debtors' Schedule A/B fails to include all assets, including rights under the Documentary and amounts received under the Kickstarter Campaign. *See* Schedule A/B [ECF No. 1] at 17-22.

**WHEREFORE**, for the reasons set forth herein and in the Trustee Objection, Gaia hereby requests that the Court deny confirmation of Debtors' Chapter 13 Plan and dismiss the Debtors' chapter 13 case.

Dated: November 12, 2025
        New York, New York        **DAVIS+GILBERT LLP**

By: */s/ Ina B. Scher*
    Ina B. Scher
    Daniel A. Dingerson
    1675 Broadway
    New York, NY 10019
    T: (212) 468-4800
    ischer@dglaw.com
    ddingerson@dglaw.com

    *Attorneys for Gaia, Inc. and*
    *the Gaia Judgment Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above *Joinder to Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Chapter 13 Bankruptcy Case* was placed in the U.S. Mail, postage prepaid, or delivered electronically via the Court's Electronic Case Filing system, on November 12, 2025, addressed as follows:

*Debtors*
James Corey Goode and Stacy Hartman Goode
6525 Gunpark Dr
# 370-227
Boulder, CO 80301

*Debtors' Bankruptcy Attorney*
Nicholas Craig Horvath
The Horvath Law Firm, LLC
VIA CM/ECF

*Debtors' Attorney in Gaia Litigation*
Valerie Ann Yanaros
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, TX 75225

*Chapter 13 Trustee*
Adam M Goodman
VIA CM/ECF

Dated:   November 12, 2025
         New York, New York                **DAVIS+GILBERT LLP**

                                           By: */s/ Ina B. Scher*
                                               Ina B. Scher
                                               Daniel A. Dingerson
                                               1675 Broadway
                                               New York, NY 10019
                                               T: (212) 468-4800
                                               ischer@dglaw.com
                                               ddingerson@dglaw.com

                                               *Attorneys for Gaia, Inc. and
                                               the Gaia Judgment Creditors*