**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>JAMES COREY GOODE,<br>SSN:  xxx-xx-2213,<br>STACY HARTMAN GOODE,<br>SSN:  xxx-xx-4026,<br><br>          Debtors. | Case No. 25-16569-JGR<br>Chapter 13 |

**ORDER DENYING MOTION TO EXTEND STAY**

THIS MATTER is before the Court on the Debtors' Motion to Extend Stay as to Co-Debtor Goode Enterprise Solutions, Inc. ("GES") ("Motion") filed by Debtors James Corey Goode and Stacy Hartman Goode on October 27, 2025 (Doc. 15).

The Motion seeks to extend the automatic stay imposed under 11 U.S.C. § 362(a) to a non-debtor third party, GES.  A debtor is protected by the injunction imposed by the automatic stay; however, this injunction does not extend to non-debtor, third parties in Chapter 13 cases, unless such parties are individuals.  See 11 U.S.C. Section 1301(a).

The Motion represents Debtor James Corey Goode is a principal and majority shareholder in GES and that, at the time of filing, litigation was pending in the United States District Court for the District of Colorado under Case No. 1:20-cv-00742-DDD-KLM styled *Corey Goode and Goode Enterprise Solutions Inc. v. Gaia, Inc. et al.*.  The Motion further represents GES has ceased operations, is no longer conducting business, there is no intent to resume business activities, there are no ongoing revenue streams or active contracts, and GES has no independent operations or assets.

Based on the representations in the Motion that GES has ceased business operations and has no assets, it is unclear why GES would need the protection of the automatic stay, or how the extension of the automatic stay would benefit the Debtors.

More importantly, under Fed.R.Bankr.P. 7001(7), an adversary proceeding is required to obtain an injunction extending the automatic stay to the non-debtor third party entity, GES, in a Chapter 13 case pursuant to 11 U.S.C. § 105(a).  The requested relief can only be granted through an adversary proceeding.  Therefore, it is

ORDERED that the Debtors' Motion to Extend Automatic Stay (Doc. 15) is DENIED without prejudice.

Dated this 22nd day of December, 2025.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge