UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | |
| JAMES COREY GOODE | Case No. 25-16569-JGR |
| STACY HARTMAN GOODE, | Chapter 13 |
| Debtors. | |

**JOINDER TO CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN AND MOTION TO DISMISS CHAPTER 13 BANKRUPTCY CASE**

Creditors Jirka Rysavy, Kiersten Medvedich (collectively, the "**Gaia Judgment Creditors**") and Gaia, Inc. ("**Gaia**," and together with the Gaia Judgment Creditors, collectively, the "**Gaia Creditors**"), through their undersigned counsel, hereby submit this *Joinder to Objection to Confirmation of Amended Chapter 13 Plan and Motion to Dismiss Chapter 13 Bankruptcy Case*.

## BACKGROUND

1. On October 9, 2025 (the "**Petition Date**"), the above-captioned debtors (the "**Debtors**") filed a joint chapter 13 bankruptcy petition (the "**Petition**"). [ECF No. 1]. The Debtors filed their initial chapter 13 plan (the "**Initial Plan**") contemporaneously therewith. [ECF No. 2].

2. Debtor James Corey Goode is a self-proclaimed "Secret Space Program whistleblower," *see* http://coreygoode.com, who, according to Mr. Goode, "has experienced increased physical contact with ET & inner earth civilizations that prepared him to be a messenger of the importance of spiritual focus and inner work during Earth's transition into higher density consciousness, which has already begun." *Id.* Gaia is a global conscious media and community

company that operates a global digital video subscription service that caters to the "disclosure" community, which previously entered into certain talent services agreements with Goode Enterprise Solutions, Inc. ("**GES**"), an entity controlled by Mr. Goode.

3. The Gaia Creditors are creditors of the Debtors and their chapter 13 bankruptcy estates. Specifically, the Gaia Judgment Creditors hold a judgment against Mr. Goode, *see* Debtors' Schedule E/F (4.1) [ECF No. 1] at 26, and Gaia has contingent claims against Mr. Goode arising from certain pending claims in the Gaia Litigation, each discussed below.

4. Prior to the bankruptcy filing, Gaia was named as a defendant in an action filed on March 17, 2020 in the U.S. District Court for the District of Colorado, in which Mr. Goode and GES (collectively, the "**Plaintiffs**"), asserted a variety of claims against various parties, seeking damages and injunctive relief. *See Goode v. Rysavy*, Civ. Action No. 20-cv-00742-DDD-KAS (D. Colo. Mar. 17, 2020) (the "**Gaia Litigation**"). The complaint was amended twice, including to add the Gaia Judgment Creditors as defendants. On March 31, 2024, the court issued an order dismissing Plaintiffs' claims with prejudice entirely as to the Gaia Judgment Creditors and as to Gaia, except for a breach of contract claim against Gaia, which was allowed to proceed on two theories. Based on the dismissal, the Gaia Judgment Creditors were awarded a judgment for attorneys' fees in the amount of $59,806.00, pursuant to Colorado Revised Statutes §§ 13-17-201 and 13-17-102(3) (the "**Judgment**"). *See* Partial Final Judgment, Gaia Litigation (Dec. 6, 2024) [ECF No. 449], *rep. and rec. adopted* (Aug. 14, 2025) [ECF No. 491]. Gaia has also filed counterclaims against Mr. Goode and GES for breach of contract, defamation, trademark infringement, unfair competition, tortious interference, and unjust enrichment (collectively, the "**Pending Claims**"). In large part, the counterclaims arise out of a concerted scheme by Mr. Goode to defame Gaia and certain of the Gaia Judgment Creditors through a series of online campaigns

2

and social media posts designed to "take down" Gaia after it stopped featuring Mr. Goode in one of its online series.

5. The Gaia Creditors filed proofs of claim concerning the Judgment and the Pending Claims, as applicable, on December 18, 2025. *See* Proofs of Claim Nos. 3-6.

6. On November 6, 2025, the Standing Trustee filed the *Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan*, with respect to the Debtors' Initial Plan ("**Trustee Objection to Initial Plan**"). [ECF No. 17].

7. Thereafter, on November 12, 2025, the Gaia Creditors filed the *Joinder to Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss Chapter 13 Bankruptcy Case* ("**Gaia Objection to Initial Plan**"), wherein they joined the Trustee Objection to Initial Plan, asserted additional grounds for denial of plan confirmation, and moved for dismissal of the Debtors' chapter 13 case. [ECF No. 20].

8. On December 4, 2025, the Debtors filed a *Confirmation Status Report* stating their intention to file an amended plan resolving all outstanding objections. [ECF No. 20] at 2.

9. Then, on December 5, 2025, the Court issued the *Order Regarding Intended Amended Chapter 13 Plan and Confirmation Status Report*, denying confirmation of the Initial Plan, deeming moot the objections thereto (including the Gaia Objection to Initial Plan), setting a deadline for the Debtors to file an amended plan, and rescheduling the confirmation hearing. [ECF No. 22].

10. On December 17, 2025, the Debtors filed their amended chapter 13 plan (the "**Amended Plan**"), [ECF No. 29], along with certain amended schedules and statements. *See* Am. Schedule I [ECF No. 24]; Am. Schedule J [ECF No. 25], Am. Schedule A/B [ECF No. 26], Notice of Amendment of Petition, Lists, Schedules, Statements, and/or Addition of Creditors ("**Notice of**

3

**Amendment**") [ECF No. 28]. The amended documents, filed just over two months after the initial set, paint a vastly different picture of the Goodes' monthly expenses and income, even with respect to the same residence and one of the same businesses.

11. On January 7, 2026, the Standing Trustee filed the *Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan* (the "**Trustee Objection to Amended Plan**"). [ECF No. 36].

### ARGUMENT

A. **Joinder and Objection to Amended Plan**

12. Gaia hereby joins the Trustee Objection to Amended Plan and incorporates by reference the entire pleading as if fully restated herein.

13. Gaia further objects to confirmation of the Debtors' proposed Amended Plan for the below additional reasons.

14. First, the Amended Plan, as well as the Petition, were not filed in good faith as required by sections 1325(a)(3) and (a)(7) of the Bankruptcy Code, respectively. In the Tenth Circuit, when assessing good faith in proposing a plan, "[a] bankruptcy court must consider 'factors such as whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code.'" *In re Melendez*, 597 B.R. 647, 659 (Bankr. D. Colo. 2019) (quoting *Anderson v. Cranmer (In re Cranmer)*, 697 F.3d 1314, 1319 n.5 (10th Cir. 2012)).

15. Here, it appears the Debtors may have misreported their home expenses at some point during their chapter 13 case. On October 9, 2025, the Debtors reported rent/home ownership expenses of $0.00. *See* Initial Schedule J (Part 2.4), [ECF No. 1] at 33. On December 17, 2025, the Debtors reported paying $3,575 each month for rental or home ownership expenses ***for the***

4

*same residence*. Am. Schedule J, [ECF No. 25] (Item 4).[1] To the extent that there may be an explanation for this increase in expense relating to the Debtors' residence, none has been provided in the Notice of Amendment or in other filings.

16. The Debtors have misstated their debts as well, as Schedule E/F fails to report the contingent liability owing to Gaia arising from the Pending Claims, which the Statement of Financial Affairs ("**SOFA**") inaccurately states have been resolved. *See* Schedule E/F [ECF No. 1] at 26-28; SOFA, [ECF No. 1] at 10.

17. Pertinent to the Amended Plan, the Debtors have also made significant, unexplained changes to their listed monthly income. On the Petition Date, the Debtors reported earning no monthly income. *See* Initial Schedule I (2.12) [ECF No. 1] at 32. Approximately two months later, Amended Schedule I indicates that Mr. Goode has a regular monthly income of $7,950.00 from his company, Disclosure Media Inc. ("**DSI**"). *See* Am. Schedule I (Part 1.1; Part 2) [ECF No. 24]. The Debtors reported owning DSI on the Petition Date. *See* Initial Schedule A/B (Part 4.35), [ECF No. 1] at 21. At the time, they reported that DSI had "No assets, no liabilities," *id.*, and that the Debtors had no monthly income. *See* Initial Schedule I (Part 2.12), [ECF No. 1] at 32. No explanation for this swift change in DSI's (and the Debtors') finances has been provided. *See* Notice of Amendment, [ECF No. 28] at 3 (stating, as to the amendments to Schedules I and J: "Updated income to reflect W2 income and expenses going forward.").

18. Notably, the newly listed income, net of the new monthly expense total, equals $300.00 per month – the same amount that the Debtors proposed as their monthly plan payment

---

[1] The Debtors list 7356 Park Lane Rd Longmont CO 80503-0000 as their residence on the Petition. *See* Petition, [ECF No. 1] at 2. On the Amended Plan, they list the same address their mailing address, *see* Amended Plan, [ECF No. 29] at 8, and they have not indicated a change to their residence.

5

on the Petition Date. *See* Initial Plan (Part 4.1), [ECF No. 2] at 3. The changes to Debtors' schedules, together with the lack of explanation for the same, raise questions as to whether the creditors can trust the Debtors' representations as to their financial affairs.

19. The Debtors have also made omissions from the Amended Plan.

   a. The Amended Plan fails to account for the Pending Claims, including how such claims will be resolved during the bankruptcy case.

   b. The Amended Plan omits Mr. Goode's interest in DSI, which holds interests in "Beyond Disclosure, The Corey Goode Files" (the "**Documentary**") and "20 and Back: Project Moonshadow – A Sci-Fi Webnovel Series by Disclosure Comics — Kickstarter" campaign (the "**Kickstarter Campaign**"), from the non-exempt assets listed in the "Reconciliation with Chapter 7." Amended Plan (Part 3.2) [ECF No. 29] at 2. As DSI is owned by Mr. Goode, and is able to provide him with a steady source of $7,950.00 monthly income, it seems likely that assets of or interests in DSI may be able to provide value to creditors of the Debtors' estate.[2]

20. <u>Second</u>, the Amended Plan fails to meet the requirements of section 1325(a)(4) of the Bankruptcy Code, known as the "best interest of creditors test." In particular, as the Amended Plan does not disclose or account for the value of DSI, it is impossible to determine whether creditors would fare better in a chapter 7 liquidation.

21. Accordingly, confirmation of the Amended Plan should be denied.

---

[2] The Debtors' good faith in filing the Petition, a requirement for confirmation pursuant to section 1325(a)(7), is further discussed in paragraphs 23-29, *infra*.

6

**B.    The Debtors' Chapter 13 Bankruptcy Case Should be Dismissed**

22.    The Debtors' chapter 13 case should be dismissed for cause pursuant to section 1307 of the Bankruptcy Code.

23.    <u>First</u>, as stated above, the Debtors lacked good faith in filing the Petition. Courts in this District have recognized that, "[a]lthough unenumerated in the statute, a debtor's lack of good faith in filing its bankruptcy petition may serve as 'cause' for dismissal under Section 1307(c)." *In re Plese*, 661 B.R. 143, 156-57 (Bankr. D. Colo. 2024) (citing *Gier v. Farmers State Bank of Lucas, Kansas (In re Gier)*, 986 F.2d 1326, 1329-30 (10th Cir. 1993)).

24.    In assessing a debtor's good faith in filing a chapter 13 bankruptcy petition, courts in the Tenth Circuit assess the "totality of the circumstances," including the following factors:

> (1) the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; (2) the timing of the petition; (3) how the debt arose; (4) the debtor's motive in filing the petition; (5) how the debtor's actions affected creditors; (6) the debtor's treatment of creditors both before and after the petition was filed; and (7) whether the debtor has been forthcoming with the bankruptcy court and the creditors.

*In re Plese*, 661 B.R. at 159. "Not all factors are applicable in every case. And, notwithstanding the factors, the overall governing framework remains the totality of the circumstances." *Id.* (internal quotation marks omitted). Here, the factors and circumstances clearly weigh in favor of dismissal.

25.    With respect to factor one, much of the contingent liability that Debtors may owe in connection with the Pending Claims would likely be exempt from discharge in a chapter 7 proceeding, as a large portion of the value of the Pending Claims arises from Gaia, Inc.'s defamation claim against Mr. Goode. Debts based on "willful and malicious injury" may be exempt from discharge pursuant to 11 U.S.C. § 523(a)(6) (a provision inapplicable to discharge

7

orders issued under 11 U.S.C. § 1328(a)), and courts have found that defamation claims can satisfy that standard. *See, e.g.*, *Bizub v. Paterson (In re Paterson)*, No. 10-35734 ABC, 2012 Bankr. LEXIS 2046, at *16 (Bankr. D. Colo. May 9, 2012) ("Debtor's 'motivation to ruin' Creditor [established in state court action for defamation and other torts] classically fits within the Supreme Court's definition that a debt is nondischargeable under § 523(a)(6) if it results from a 'deliberate or intentional injury.'") (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)).

26. With respect to factor two, the Petition was filed just two months after the District Court adopted the Judgment, further supporting a finding that the Petition was filed in bad faith. *See* Order Adopting Recommendation of U.S. Magistrate Judge, Gaia Litigation (Aug. 14, 2025) [ECF No. 491].

27. Factors four through six also support dismissal, as this bankruptcy case was filed as part of the Debtors' efforts to delay Gaia's prosecution of the Pending Claims (which were omitted from the bankruptcy schedules and both iterations of the chapter 13 plan), and to escape liability on the Judgment, all while benefiting from the protections of the automatic stay (and seeking the same protection for non-debtor GES). *See* Debtors' Motion to Extend Stay [ECF No. 15].

28. Finally, as to factor seven, the Debtors have not been forthcoming with the bankruptcy court and creditors for the reasons set forth in paragraphs 15-17, *supra* (namely, unexplained changes or misrepresentations concerning the Debtors' income, expenses, and debts).

29. In addition, the Debtors in their SOFA have misrepresented the status of the Gaia Litigation, by noting that it is "Concluded," *see* (Part 4.9) [ECF No. 1] at 10, instead of accurately reflecting that it remained "Pending" as of the Petition Date (and remains pending as of the date hereof). *See* Gaia Litigation (Oct. 14, 2025) [ECF No. 521] ("Pursuant to 11 U.S.C. § 362, Counter

8

Claimant Gaia, Inc.'s counterclaims against Counter Defendant James Corey Goode are hereby STAYED."). As of the date hereof, no amended SOFA has been filed.

30. <u>Second</u>, although the Debtors now report that Mr. Goode earns regular income of $7,950.00 monthly from DSI, a company he reported as having "No assets, no liabilities," and providing him with no income approximately two months prior, the Gaia Creditors note that additional explanation is required to substantiate this change in affairs. Pursuant to section 109(e) of the Bankruptcy Code, "[o]nly an individual with regular income" may be a debtor under chapter 13 of the Bankruptcy Code, and meeting this criteria requires an income that "is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title"). 11 U.S.C. § 101(30).

**WHEREFORE**, for the reasons set forth herein and in the Trustee Objection to Amended Plan, the Gaia Creditors hereby request that the Court deny confirmation of Debtors' Amended Plan and dismiss the Debtors' chapter 13 case.

Dated: January 8, 2026
Centennial, CO

**MERRICK SHANER & BERNSTEIN, LLC**

By: /s/ Joseph T. Bernstein
Joseph T. Bernstein
6300 S. Syracuse Wy.
Ste. 220
Centennial, CO 80111
T: 303-831-9400
jtb@msbfirm.com

*Attorneys for Gaia, Inc. and the Gaia Judgment Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above *Joinder to Objection to Confirmation of Amended Chapter 13 Plan and Motion to Dismiss Chapter 13 Bankruptcy Case* was placed in the U.S. Mail, postage prepaid, or delivered electronically via the Court's Electronic Case Filing system, on January 8, 2026, addressed as follows:

***Debtors***
James Corey Goode and Stacy Hartman Goode
6525 Gunpark Dr
# 370-227
Boulder, CO 80301

***Debtors' Bankruptcy Attorney***
Nicholas Craig Horvath
The Horvath Law Firm, LLC
VIA CM/ECF

***Debtors' Attorney in Gaia Litigation***
Valerie Ann Yanaros
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, TX 75225

***Chapter 13 Trustee***
Adam M Goodman
VIA CM/ECF

Dated: January 8, 2026
Centennial, CO

**MERRICK SHANER & BERNSTEIN, LLC**

By: /s/ Joseph T. Bernstein
Joseph T. Bernstein
6300 S. Syracuse Wy.
Ste. 220
Centennial, CO 80111
T: 303-831-9400
jtb@msbfirm.com

*Attorneys for Gaia, Inc. and the Gaia Judgment Creditors*