| Fill in this information to identify your case |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO** |
| Debtor 1: James Corey Goode    Case #: 25-16569-JGR |
| Debtor 2: Stacy Hartman Goode    Chapter: 13 |

## Local Bankruptcy Form 3015-1.4
## Confirmation Status Report

**Complete applicable sections and check applicable boxes.**

### Part 1  Report

The debtor submits the following status report pursuant to L.B.R. 3015-1 and states as follows:

The debtor filed for chapter 13 relief on 10/09/2025. The debtor attended the 11 U.S.C. § 341(a) Meeting of Creditors on 11/04/2025.

### Part 2  Notice and Service Date

The last plan to be noticed and served was dated 12/17/2025 at docket no. 29.

List all prior plans and dates of filing:

| Plan | Date of filing | Docket No. |
|---|---|---|
| Original Plan | 10/09/2025 | 2 |
| 1st Amended Plan | 12/17/2025 | 29 |

### Part 3  Objections

☐  No objections have been filed to the last plan.
X  The following objections have been filed:

| Name of Objecting Party | Docket No. |
|---|---|
| Chapter 13 Trustee | 36 |
| Gaia, Inc. & Gaia Individuals | 37 |

AND

X  The debtor complied with the "Meet & Confer" requirements of L.B.R. 3015-1.

### Part 4  Summary of Objections

| Objection | Debtor's response |
|---|---|
|  |  |

| | |
|---|---|
| Chapter 13 Trustee:  Objection regarding the need to ensure that all income is properly disclosed and that all disposable income is being contributed to the plan. | Counsel needs to visit with the Debtors regarding the issues raised.  Counsel will need further time to explore these issues to properly ensure that income is disclosed and all disposable income is going to Class IV creditors. |
| Gaia Inc. & Gaia Individuals: Objections regarding whether the plan was filed in good faith noting potential inaccuracies as the reason.  Additional objections regarding the "best interest of the creditors test" noting that a value should be provided for Disclosure Media Inc. | Concerning the bad faith objection, the Debtors note the following items raised as concerns:<br>- At the time of filing, the Debtors had a business paying their home living expenses.  Since filing, their accountant has advised them to make that a personal expense.<br>- Counsel disagrees with the assertion that Gaia is not listed in Schedule E/F as notice went to their Counsel and as consideration notes "collection for Gaia individuals".<br>- At the time of filing, the Debtors didn't have any W-2 income or profitable business ventures.  Since filing, the Debtors have taken efforts to move business forward and have W-2 income.<br>- Disclosure Media Inc.:  The Debtors acknowledge the business' interest in the documentary but it doesn't inherently create value for the business.  The documentary has to be marketed and sold before it can create value to the business.  At the time of filing, there were no sales.  The Debtors question whether the interest in this business contained actual value on the date the case was filed.  While this was raised as a good faith and "best interest of the creditors test" objection, no evidence has been provided that the mere ownership of an interest in a documentary creates a value that can be liquidated. |

**Part 5**  **Resolution of Objections by Amended Plan**

**Use this section if the debtor intends to resolve the objection(s) by filing an amended plan.**

    a.  Filing of Amended Plan.

        ☐  The debtor already has filed an amended plan, dated _____ **[month/day/year]**, at docket no. _____ **[#]**. The amended plan makes the following changes: _____ **[describe changes]**.
The debtor intends to file an amended plan by.  The anticipated amended plan will make the following changes:

    b.  Treatment of Objections by Amended Plan.

        The amended plan is intended to resolve all of the objections filed;
        ☐  The amended plan is intended to resolve only certain objections as described:

            1.  **[List objection and explain how objection is resolved by amended plan]**
                _____

            2.  **[List objection and explain how objection is resolved by amended plan]**

_____

c. Notice of Amended Plan:

Notice to all creditors: the debtor contends notice of the amended plan must be served on the chapter 13 trustee and all creditors and parties in interest.

☐ Request to limit notice: the debtor requests notice of the amended plan be limited for the following reasons: _____
**[explain reason for limiting notice and list the parties proposed to receive notice]**.

☐ Request to waive notice: the debtor requests notice of the amended plan be waived for the following reasons: _____
**[explain reason for waiving notice]**.

d. Objection Time Period for Amended Plan:

Objection deadline pursuant to Fed. R. Bankr. P. 2002(b): the debtor contends notice of the amended plan should be for the full objection period set forth in Fed. R. Bankr. P. 2002(b).

☐ Request to shorten objection time period: the debtor requests the objection period set forth in Fed. R. Bankr. P. 2002(b) be shortened to _____ **[#]** days: _____
**[explain reason for shortening objection period]**.

## Part 6  Resolution of Objections by Judicial Determination

**Use this section if the debtor intends to resolve the objection(s) by judicial determination without an amended plan.**

☐ The debtor requests judicial determination of all outstanding objections;
☐ The debtor requests judicial determination of only certain objections raising the following outstanding issues:

1. **[List issue]** _____

2. **[List issue]** _____

☐ The hearing will require presentation of evidence. The debtor anticipates the court time necessary to determine this contested matter will be _____ **[#]** hours. The debtor anticipates _____ **[#]** witnesses will be called to testify.
☐ The hearing will require legal argument only.

## Part 7  Other Information of Status of Case

**[Provide any other information on the status of the case and confirmation issues that the debtor wishes to bring to the Court's attention.]**

Counsel requests this matter be continued at least thirty days. The additional time will allow Counsel to explore whether all income is being disclosed and properly contributed to the plan. Additionally, the additional time will allow Counsel to explore and determine what value, if any, Disclosure Media Inc. had on the date of filing.

## Part 8  Signature of Debtor's Attorney or Debtor (if unrepresented)

Dated: 01/22/2026                                   By: /s/ N. Craig Horvath
                                                        Signature

                                                    Bar Number (if applicable): 47393
                                                    Mailing Address:
                                                    PO Box 698, Littleton, CO 80160
                                                    Telephone number: 303-900-8741
                                                    E-mail address: craig@thehorvathlawfirm.com