**Fill in this information to identify your case**

UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO

| Debtor 1: | James | Corey | Goode | Case #: | 25-16569-JGR |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| Debtor 2: | Stacy | Hartman | Goode | Chapter: | 13 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Local Bankruptcy Form 3015-1.4
## Confirmation Status Report

**Complete applicable sections and check applicable boxes.**

### Part 1   Report

The debtor submits the following status report pursuant to L.B.R. 3015-1 and states as follows:

The debtor filed for chapter 13 relief on 10/09/2025.  The debtor attended the 11 U.S.C. § 341(a) Meeting of Creditors on 11/04/2025.

### Part 2   Notice and Service Date

The last plan to be noticed and served was dated 07/02/2026 at docket no. 61.

List all prior plans and dates of filing:

| Plan | Date of filing | Docket No. |
|---|---|---|
| Original Plan | 10/09/2025 | 2 |
| 1st Amended Plan | 12/17/2025 | 29 |
| 2nd Amended Plan | 03/05/2026 | 51 |
| 3rd Amended Plan | 07/02/2026 | 61 |

### Part 3   Objections

☐   No objections have been filed to the last plan.
X   The following objections have been filed:

| Name of Objecting Party | Docket No. |
|---|---|
| Chapter 13 Trustee | 67 |
| Gaia, Inc. & Gaia Individuals | 68 |

AND

X   The debtor complied with the "Meet & Confer" requirements of L.B.R. 3015-1.

### Part 4   Summary of Objections

| Objection | Debtor's response |
|---|---|
| Chapter 13 Trustee:  Objection regarding the need to ensure that all disposable income is being contributed to the plan. | Counsel believes that the Debtors' income goes through business entities rather than them receiving money directly.  However, Counsel will visit with the Debtors to provide a detailed explanation as to how each potential revenue stream is treated or why it doesn't generate revenue. |
| Gaia Inc. & Gaia Individuals: Objections regarding the need for Gaia creditors to resolve its claims to be properly treated in the plan and treat a possible judgment from the adversary proceeding.  Finally, there are objections on the need for the Debtors to contribute all disposable income into the plan and plan feasibility. | Counsel for both parties conferred regarding the pending objection. |

**Part 5**   **Resolution of Objections by Amended Plan**

**Use this section if the debtor intends to resolve the objection(s) by filing an amended plan.**

    a.   Filing of Amended Plan.

        ☐  The debtor already has filed an amended plan, dated _____
**[month/day/year]**, at docket no. _____ **[#]**. The amended plan makes the following changes:
_____
**[describe changes]**.

        The debtor intends to file an amended plan by.  The anticipated amended plan will make the following changes:

    b.   Treatment of Objections by Amended Plan.

        The amended plan is intended to resolve all of the objections filed;
        ☐  The amended plan is intended to resolve only certain objections as described:

           1.  **[List objection and explain how objection is resolved by amended plan]**
              **_____**

           2.  **[List objection and explain how objection is resolved by amended plan]**

              **_____**

    c.   Notice of Amended Plan:

        Notice to all creditors:  the debtor contends notice of the amended plan must be served on the chapter 13 trustee and all creditors and parties in interest.
        ☐  Request to limit notice:  the debtor requests notice of the amended plan be limited for the following reasons:
_____
**[explain reason for limiting notice and list the parties proposed to receive notice]**.
        ☐  Request to waive notice:  the debtor requests notice of the amended plan be waived for the following reasons:
_____

**[explain reason for waiving notice]**.

d.  Objection Time Period for Amended Plan:

Objection deadline pursuant to Fed. R. Bankr. P. 2002(b):  the debtor contends notice of the amended plan should be for the full objection period set forth in Fed. R. Bankr. P. 2002(b).

☐   Request to shorten objection time period:  the debtor requests the objection period set forth in Fed. R. Bankr. P. 2002(b) be shortened to _____ **[#]** days:

_____

**[explain reason for shortening objection period].**

## Part 6   Resolution of Objections by Judicial Determination

**Use this section if the debtor intends to resolve the objection(s) by judicial determination without an amended plan.**

☐      The debtor requests judicial determination of all outstanding objections;
☐   The debtor requests judicial determination of only certain objections raising the following outstanding issues:

1.  **[List issue]** _____

2.  **[List issue]** _____

☐   The hearing will require presentation of evidence.  The debtor anticipates the court time necessary to determine this contested matter will be _____ **[#]** hours.  The debtor anticipates **_____ [#]** witnesses will be called to testify.
☐   The hearing will require legal argument only.

## Part 7   Other Information of Status of Case

**[Provide any other information on the status of the case and confirmation issues that the debtor wishes to bring to the Court's attention.]**

Shortly before the filing of the last amended plan, the Debtors notified Counsel of a significant liability owed to the IRS.  Counsel contacted the IRS to try and urge them to file a claim.  To date, no claim has been filed.   If the case were to proceed, a proof of claim would need to be filed by the IRS and an additional amended plan will be required to properly pay that claim.  Counsel estimates it could be another 60 days before the next amended plan could be filed based on the fact that there is not currently a claim on file for the IRS.  Furthermore, Counsel doesn't have any information currently that the plan payment required to achieve confirmation is feasible.  Counsel understands the case may be postured for dismissal.

## Part 8   Signature of Debtor's Attorney or Debtor (if unrepresented)

Dated: 07/30/2026

By: /s/ N. Craig Horvath _____
        Signature

Bar Number (if applicable):  47393
Mailing Address:
PO Box 698, Littleton, CO 80160
Telephone number:  303-900-8741
E-mail address:  craig@thehorvathlawfirm.com